IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVE TAYLOR; DEBORAH TAYLOR, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FASHION QUE; KC ARTSWEAR; STEVE ) <br> KIM; K. C. KIM; STEVE KIM d/b/a ) <br> FASHION QUE; K. C. KIM d/b/a FASHION ) <br> QUE; STEVE KIM d/b/a KC ARTSWEAR; and) <br> K. C. KIM d/b/a KC ARTSWEAR, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 96-G-1494-S <br><br> **ENTERED** <br> FEB 2 3 1998 |

## MEMORANDUM OPINION

This cause is before the court upon the plaintiffs' motion to set aside the final order dismissing this action with prejudice entered January 21, 1998. This action was filed on June 10, 1996, against numerous defendants. For almost one year the plaintiffs' counsel failed to make application for entry of default against those defendants upon whom service had been perfected. Nor did he during that time request service against the unserved defendants by alternative means. On April 7, 1997, the court entered an order dismissing the unserved defendants without prejudice and giving the remaining defendants 20 days in which to answer the complaint. On June 24, 1997, the court entered an order requiring the plaintiffs to show cause by July 3, 1997, why the action should not be dismissed for want of prosecution--plaintiffs' counsel having failed to request entry of default or otherwise prosecute the action following this court's order of April 7, 1997. On July 3, 1997, plaintiffs filed a response to the show cause order requesting 30 days in which to take specified actions in order to obtain a default judgment. The court granted the plaintiffs' request. In that response the plaintiffs made the following

representation: "It is likely that no further judicial time will be necessary except for entry of defaults." This prediction was not fulfilled.

On July 22, 1997, plaintiffs' counsel filed a motion for leave to serve by publication those defendants who had already been dismissed on April 7, 1997. On July 31, 1997, the plaintiffs filed a corrected motion for leave to serve defendants by publication and notified the court they wished to withdraw the July 22, 1997, motion. The court denied the plaintiffs' July 31, 1997, motion because it sought to have the defendants who had already been dismissed from the action served by publication. Also on July 31, 1997, the plaintiffs filed an application to the Clerk for entry of default supported by the affidavit of plaintiffs' counsel, Donald H. Brockway, Jr. The Clerk notified plaintiffs' counsel that the affidavit was insufficient in that it did not recite that the defendants were not infants, incompetent or in the military. On August 14, 1997, plaintiffs' counsel filed a corrected motion for entry of default with supporting affidavit and the Clerk made an entry of default on August 15, 1997.

Attached to the plaintiffs' July 31, 1997, application for an entry of default was a "Default Judgment Entered on Application to Clerk" prepared for the Clerk of Court to sign. That document contains the following: "default having been duly entered upon request of the Plaintiffs and upon the Affidavit of Donald H. Brockway, Jr. of the amount due: $9,468.23, which said amount is a sum certain or a sum which can by computation be made certain ... It is ORDERED and ADJUDGED that the Plaintiffs recover of the Defendants damages in the amount of $9,468.23, and the costs of this action." In spite of this recitation, the affidavit of Donald H. Brockway, Jr. contains no such assertion as to the amount due or that it was a sum certain. A review of the complaint reveals that it seeks to recover damages "based upon an invasion of privacy, the tort of outrage, and intentional infliction of emotional distress, and a conspiracy to

2

commit the same." (Complaint at ¶1). The complaint clearly does not seek a sum certain in that it seeks damages for emotional distress. Furthermore, each count of the complaint seeks compensatory and punitive damages "in an amount to be determined by the trier of fact." The amount asserted to be a sum certain, $9,468.23, is apparently the amount of the checks forwarded by plaintiffs to the defendant, which the complaint alleges were to be deposited by the defendants at specified times in the future. The complaint, however, suggests that the checks were not honored by the plaintiffs' bank and, therefore, might not even represent an amount actually paid by the plaintiffs. Thus it appears the amount was put forward as an amount certain without any support in an attempt to get a default judgment entered by the Clerk.[1] For these reasons, the court denied the plaintiffs' corrected motion for entry of default to the extent that it requested the entry of a default judgment on August 19, 1997.

From August 19, 1997, until December 31, 1997, plaintiffs took no action to prove damages. This omission is particularly inexcusable in light of the court's recitation in its August 19, 1997, order of its reason for refusing to enter default judgment--that there was no evidence in the record as to the amount of damages suffered by the plaintiffs. Following four months of inaction by the plaintiffs, the court entered a show cause order on December 31, 1997. That order gave the plaintiffs 10 days "in which to prove the amount of their damages and to make an appropriate motion for entry of default judgment." The order concluded: "If plaintiffs fail to comply with this order, the action will be dismissed."

On January 8, 1998, the plaintiffs filed a motion for entry of default judgment and supporting affidavit. That motion recites that the plaintiffs filed suit against the defendants

---

[1] The court notes that it is the policy of this court that only the District Judge will enter default judgments.

3

"seeking damages in the amount of $9,468.23." The plaintiffs attached a copy of the verified complaint to the motion. Also attached to the motion was a default judgment order prepared for the court's signature. That document appears to be an exact copy of the order prepared for the Clerk's signature attached to the plaintiffs' July 31, 1997, application to clerk for entry of default. The prepared order again contains the recitation that the amount is a sum certain and is supported by the affidavit of Donald H. Brockway, Jr. As discussed above, both assertions are false. Plaintiffs should have been aware of the falsity of those assertions. This court's August 19, 1997, order pointed out that the complaint did not seek a sum certain. Furthermore, plaintiffs' counsel must be charged with the knowledge that he had filed no affidavit establishing the amount due. This submission was inadequate for the same reasons as plaintiffs' July 31, 1997, submission.

    The court, through its law clerk, informed plaintiffs' counsel, Donald H. Brockway, Jr., on January 9, 1998, that his submission of January 8, 1998, failed to comply with the show cause order and that the court would require an affidavit as to the amount of plaintiffs' damages. Because of intervening holidays and weekends, the 10 day time limit to respond to the show cause order would not expire until January 15, 1998, therefore, plaintiffs had almost one full week to make additional submissions. Plaintiffs' counsel asked for no extension of the deadline, either informally or by motion. On January 21, 1998, no additional response having been filed, the court entered a final order dismissing the action for failure to comply with its order of December 31, 1997, and for failure to otherwise prosecute the action. Only after receiving a copy of the final order of dismissal did someone from the office of Donald H. Brockway, Jr., plaintiffs' counsel, contact the court to inform it that an additional response was in the mail. That response, under a cover letter dated January 21, 1998, was filed by the Clerk on January 23, 1998, over one week after the January 15, 1998 deadline.

4

On January 26, 1998, the plaintiffs filed a motion to set aside the dismissal of the action. That motion contains several factual errors. The most relevant is contained in Paragraph 7 of that motion and asserts that the plaintiffs' corrected motion for default was denied by the court on December 31, 1997. However, that motion was clearly denied by the court in its order of August 19, 1997. This misstatement gives the impression that the plaintiffs' corrected motion for entry of default judgment remained pending for four months, when in fact it was ruled on five days after it was filed. The relevance of this misstatement is made clear by paragraphs 8 and 9 of the motion. Paragraph 8 asserts that several attempts were made to obtain the plaintiffs' affidavits, but that due to "the business schedule and sickness of Plaintiffs, these appointments were rescheduled." The motion makes it appear that plaintiffs' counsel was only given notice of the need for affidavits proving the amount of plaintiffs' damages on December 31, 1997, when in fact, the court's order of August 19, 1997, explicitly states that default judgment cannot be entered because there had been no proof of damages. It was plaintiffs' failure for over four months to make any attempt to prove the amount of plaintiffs' damages that prompted the court to enter its show cause order of December 31, 1997. Paragraph 9 of the motion to set aside dismissal asserts that plaintiffs' counsel met with his clients on January 21, 1997, and prepared an affidavit in order to prove damages. This was, coincidentally, the same day upon which the court entered the final order dismissing the action. As has been previously noted, January 21 was well past the court's deadline of January 15. Additionally, that date was 12 calendar days following January 9, the date on which plaintiffs' counsel was informed his submission of January 8 was insufficient. As noted above, plaintiffs' counsel never requested an extension of time in which to comply with the court's December 31, 1997, order.

For all of the reasons discussed above, the plaintiffs have not demonstrated good cause why the action should be reinstated. At every turn the plaintiffs' submissions have been either insufficient, misleading, or untimely. However, in the interests of justice to Steve Taylor and Deborah Taylor, the court is willing to reinstate the action if they will file a consent to the entry of a default judgment in the amount of $15,000.00 (Fifteen Thousand Dollars). The court has reviewed the affidavit of Steve Taylor attached to the plaintiffs' amended motion for entry of default filed January 23, 1998. The court will accept his computation of lost profits in the amount of $8,400, based upon his representation that they lost 8 days of sales. However, the court is unwilling to accept the computation contained in paragraphs 12 and 13. There is no explanation of how the figure of $13,500 is derived and, therefore, the court will not accept that calculation. The court is of the opinion that $6,600 will adequately compensate the plaintiffs for any emotional upset caused by the defendants' actions. The filing fee of $120 is an item of cost and not damages. Therefore, $15,000 will adequately compensate the plaintiffs for their loss.

If the plaintiffs file a consent to the entry of a default judgment in the amount of $15,000 by March 4, 1998, the court will grant the motion to set aside the dismissal. If the plaintiffs fail to file a consent by that date, however, the court will deny their motion for all of the reasons set forth above. An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED this 23rd day of February 1998.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

6